47 CCPA

**Application of STANDARD OIL COMPANY.**

**Patent Appeal No. 6493.**

United States Court of Customs and Patent Appeals.

March 8, 1960.

See also 275 F.2d 735.

---

2. For the situation in community property states, see In re Ray, 1 Nat.Bankr.News, 276 (D.C.Wash., 1899).

Leland L. Chapman, Cleveland, Ohio (Martin T. Fisher, Washington, D. C., of counsel), for appellant.

Clarence W. Moore, Washington, D. C., for the Commissioner of Patents.

Before WORLEY, Chief Judge, and RICH, MARTIN, and SMITH, Judges, and Judge WILLIAM H. KIRKPATRICK.[1]

KIRKPATRICK, Judge.

This is an appeal from the decision of the Assistant Commissioner of Patents affirming the refusal of the Examiner of Trademarks to register the words "Guaranteed Starting" as a service mark under Section 3 of the Trademark Act of July 5, 1946, 15 U.S.C.A. § 1053. The application is to register the words as a service mark for "inspecting, conditioning, and otherwise servicing motor vehicles to facilitate their operation in cold weather, and starting or arranging for the payment of starting expense of motor vehicles which fail to start after being so serviced."

It appears from the record that, in practice, what is done includes testing the battery, adding certain anti-freeze ingredients to the fuel, installing special lubricants, etc. Some of these services the customer pays for and some are rendered without charge. Upon completion of the work, the applicant's service station operator gives to the customer a certificate containing an agreement to the effect that, if at any time during the winter a mechanic is required to start the car, the applicant will get it started or will reimburse the customer for the cost of starting, if paid by him.

The record shows an extensive and varied use of "Guaranteed Starting" by the applicant in connection with its "winterizing" motor service. However, the record nowhere shows that the words have become distinctive of the applicant's services in commerce (see Section 2(f) of the Trade-Mark Act, 15 U.S.C.A. § 1052 (f)) or that they have acquired any such secondary meaning in the minds of the public.

The Trade-Mark Act of 1946, Section 45, 15 U.S.C.A. § 1127, defines a service mark as "a mark used * * * to identify the services of one person and distinguish them from the services of others * * *." Section 2 (made applicable to service marks by Section 3) provides that no trademark "by which the goods of the applicant may be distinguished from the goods of others shall be refused registration * * * unless it * * * (e) Consists of a mark which, (1) when applied to the goods of the applicant is merely descriptive * * * of them."

The requirements of the statute for the registration of a service mark include (1) that of Section 45 that a mark, in order to be a service mark, must be "used * * * to identify the services of one person and distinguish them from the services of others" and (2) the provision of subsection (e) of Section 2 making unregistrable a mark which is "merely descriptive" of the goods (or services) of the applicant. Those requirements, as this court said in In re Cooper, 254 F.2d 611, 613, 45 CCPA 923, with respect to the corresponding trademark requirements, are "complementary and opposite sides of the same coin to the extent that a mark which is 'merely descriptive' of the goods to which the applicant has applied it is not being used by him *as a trademark* for those goods and hence, in that use, *is not a trademark.*"

1. United States Senior Judge for the Eastern District of Pennsylvania, designated to participate *in place of Judge O'Connell,* pursuant to provisions of Section 294(d), Title 28 United States Code.

In the present case it may be conceded that in using the words "guaranteed starting" in order to bring its services to the attention of the public the applicant intended and hoped, or perhaps expected, that they would distinguish them from similar services offered by others. However, having chosen words which, taken in their normal meaning, do no more than inform the public with reasonable accuracy what is being offered, it did not succeed.

■ The words are well understood, English words in common use. Taken together, they amount to no more than a sort of condensed announcement that the applicant will guarantee the work done in order to insure the starting of the customer's car. It must be assumed that the ordinary customer reading the advertisements displayed by an automobile service station would take the words at their ordinary meaning rather than read into them some special meaning distinguishing the services advertised from similar services of other station operators. Whatever may have been the intention of the applicant in using them, their use has not accomplished what the applicant wished to do.[2] Hence, they are not a service mark.

■ The Trade-Mark Act is not an act to register words but to register trademarks. Before there can be registrability, there must be a trademark (or a service mark) and, unless words have been so used, they cannot qualify for registration. Words are not registrable *merely* because they do not happen to be descriptive of the goods or services with which they are associated.

In view of what has been said, it is unnecessary to consider the applicant's argument to the effect that the word "merely" in Section 2(e) of the statute means fully and completely descriptive of the services and that, in this case, the words fall short of giving the de-

tailed information necessary to bring them within the prohibition of Section 2(e).

The decision of the Assistant Commissioner is affirmed.

Affirmed.

---

2. It is not intended to suggest that the words would not be registrable under Section 2(f) if the Commissioner were convinced that they had, by usage, acquired a secondary meaning, but, as has been pointed out, it is not contended that they have and the record contains no evidence to that effect.